# IN THE SUPREME COURT OF THE STATE OF NEVADA

PENNYMAC CORP.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ADRIANA ESCOBAR, DISTRICT
JUDGE,
Respondents,
and
WESTCOR LAND TITLE INSURANCE
COMPANY,
Real Party in Interest.

No. 78810

FILED

DEC 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus challenges a district court order granting a motion by the real party in interest to disqualify petitioner's retained counsel based on counsel's prior representation of respondent. Having considered the petition and answer, we conclude that the district court manifestly abused its discretion in disqualifying petitioner's counsel because counsel did not represent the respondent in the same or substantially related matter. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Respondent Westcor Land Title Insurance Company hired Ariel Stern, who worked for Ballard Spahr, LLP, at the time, to defend it in a lawsuit brought by Linda Marie Kot in 2008. The Kot lawsuit asserted breach of contract and insurance bad faith claims and centered on Westcor's refusal to issue a title policy to a potential new homebuyer, and a claim that Westcor acted too slowly in clearing a lis pendens after accepting an existing

insured's claim. In April 2010, Stern left Ballard Spahr to work for Akerman, LLP, and Westcor substituted Akerman as counsel. The Kot lawsuit settled in September 2010.

In 2018, petitioner PennyMac Corporation, through its counsel at Akerman LLP, filed the complaint initiating this case. This case, like the Kot lawsuit, also includes breach of contract and insurance bad faith claims and centers on Westcor's obligation to defend PennyMac in a pending appeal and to cover a loss after a deed of trust was cancelled following an HOA foreclosure sale. Four months after PennyMac filed suit, Westcor moved to disqualify Stern, and Akerman, LLP, as counsel. The district court granted Westcor's motion to disqualify. PennyMac subsequently filed a mandamus petition to challenge the district court's decision.[1] *See Waid v. Eighth Judicial Dist. Court*, 121 Nev. 605, 609, 119 P.3d 1219, 1222 (2005) ("Attorney disqualification orders are properly challenged through a petition for a writ of mandamus.").

We review the district court's decision for a manifest abuse of discretion. *See Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 49, 152 P.3d 737, 740 (2007) (addressing the district court's discretion to disqualify an attorney). RPC 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in

---

[1]We only recount the facts as necessary to this disposition.

writing."[2] (Emphasis added). We have explained that this rule requires a party seeking disqualification to establish three elements: "(1) that it had an attorney-client relationship with the lawyer, (2) that the former matter and the current matter are substantially related, and (3) that the current representation is adverse to the party seeking disqualification." *Id.* at 50, 152 P.3d at 741. Only the second element under RPC 1.9(a) is at issue here.

In determining whether two matters are substantially related, the district court's analysis concerning attorney disqualification comprises three steps: "(1) make a factual determination concerning the scope of the former representation, (2) evaluate whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters, and (3) determine whether that information is relevant to the issues raised in the present litigation." *Waid*, 121 Nev. at 610, 119 P.3d at 1223 (adopting the Seventh Circuit's test set forth in *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 225 (7th Cir. 1978)). Additionally, there must be more than a "superficial similarity between the two matters" and the focus must be on the "precise relationship between the present and former representation." *Id.*

The district concluded "all three *Waid* factors are satisfied here, and that Akerman should be disqualified as counsel for Westcor in this matter." We disagree.[3]

---

[2]Pursuant to NRPC 1.10(a), an attorney's disqualification under NRPC 1.9 is imputed to all other attorneys in that disqualified attorney's law firm.

[3]We also note that the district court improperly applied the test as set out by this court in *Waid*. Namely, the district court analyzed each step of *Waid* as a factor test and weighed the factors against one another. However, the *Waid* test is comprised of three steps that must be completed

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Looking to the *Waid* framework, the record shows: (1) Stern represented Westcor in a breach of contract and insurance bad faith action from 2008-2010 that centered on Westcor's refusal to issue a title policy to a potential new homebuyer, and a claim that it acted too slowly in clearing a lis pendens after accepting an existing insured's claim; (2) the prior representation was the type in which it is reasonable to infer that Westcor gave Stern confidential information; and (3) there is reason to believe that any confidential information obtained from the former representation is irrelevant to the issues raised in this case, as the two cases are not factually related. Although both cases include claims for breach of contract and insurance bad faith, that alone does not make them "substantially related." Westcor is in the business of title insurance and almost all actions against it by an insured will involve similar claims such as breach of contract or insurance bad faith. But critically here, the record fails to demonstrate a factual nexus between this lawsuit and the Kot Lawsuit.[4] We therefore conclude that the Kot Lawsuit and this lawsuit do not involve substantially related matters. Accordingly, the district court manifestly abused its

in order, not factors to be weighed. *See Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983) (stating that the analysis for the Seventh Circuit's test, which this court adopted in *Waid*, is comprised of three steps).

[4]We also note our concern with the district court's conclusory finding on the second step of the *Waid* analysis. Specifically, the district court's order merely stated that Stern received confidential information in the prior case and can use that information against Westcor in the present case. Although we generally give deference to the district court's findings, "deference is not owed to legal error, or to findings so conclusory they may mask legal error." *Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (citations omitted).

discretion by granting respondent's motion and disqualifying Stern and Akerman in this matter. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting respondent Westcor's motion to disqualify Ariel Stern in this matter.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Akerman LLP/Las Vegas
        Gerrard Cox & Larsen
        Eighth District Court Clerk